# Exhibit 5



State of Ohio Environmental Protection Agency

Northeast District Office

2110 East Aurora Rd.  
Twinsburg, Ohio 44087

TELE: (330) 963-1200  FAX: (330) 487-0769  
www.epa.state.oh.us

Ted Strickland, Governor  
Lee Fisher, Lieutenant Governor  
Chris Korleski, Director

June 14, 2010

RE: HERITAGE - WTI, INC. (WTI)  
FACILITY ID 0215020233  
DAPC NOTICE OF VIOLATION

**CERTIFIED MAIL**

John Peterka, President  
Heritage-WTI, Inc. (WTI)  
1250 St. George Street  
East Liverpool, OH 43920

Dear Mr. Peterka:

After review of your Excess Emissions Report for the first quarter of 2010 (January 1 – March 31), we find Heritage-WTI violated short-term emission permit limitations for sulfur dioxide, nitrogen oxides, and total hydrocarbons as measured by the Continuous Emission Monitors (CEMs). Any violation of a term and condition of any permit issued by Ohio EPA is also a violation of Ohio Revised Code (ORC) 3704.05(C).

### Sulfur dioxide:
Part III. A.I.1 of PTI 02-18743, effective on March 22, 2007, and Section C.5.b)(1)a of the current Title V permit provide a $SO_2$ limit of 11.34 lbs/hr.

During the 1st quarter of 2010, there were 1,515 minutes when the SO2 reading, as measured by the SO2 CEM, was over the limit of 11.34 lbs/hr. The 1,515 minutes represent 1.28% of the time when both the incinerator and the CEM were in operation.

### Nitrogen Oxides:
Part III. A.I.1 of PTI 02-18743, effective on March 22, 2007, and Section C.5.b)(1)a of the current Title V permit provide a NOx limit of 28.36 lbs/hr.

During the 1st quarter of 2010, there were 1,144 minutes when the NOx reading, as measured by the NOx CEM, was over the limit of 28.36 lbs/hr. The 1,144 minutes represent 0.97% of the time when the incinerator and the CEM were both operating during the quarter.

### Total Hydrocarbons:
Part III. A.I.1 of PTI 02-18743, Section C.5.b)(2)f of the current Title V permit, and 40 CFR 63.1219(a)(5) provide a THC limit of 10 ppm by volume, over an hourly rolling average, dry basis and corrected to 7 percent oxygen.

The determination of a THC emission limitation violation is not as straight-forward as the compliance determination for the SO2 and NOx limits. There is an ongoing conversation about how certain sections of 40 CFR 63, Subpart EEE (or MACT) are to be interpreted. Specifically, we acknowledge there are differing interpretations on whether there is a MACT violation when a THC exceedence is caused by a malfunction. However, we can agree that a MACT violation occurs when hazardous waste is in the combustion chamber and an operator error causes the THC exceedence.

During the 1st quarter of 2010, there were 347 minutes of THC exceedences caused by operator errors when hazardous waste was in the combustion chamber. These minutes represent 0.30% of the time during the quarter when both the incinerator and the CEM were in operation.

There were 418 minutes of THC exceedences caused by a malfunction, when hazardous waste was in the combustion chamber. The additional 418 to the 347 minutes is a total of 765 minutes, which represents 0.67% of the time when both the incinerator and the CEM were in operation.

### Past short-term limit violations and WTI's response to these violations:

Violations of short-term permit emission limitations were noted in our April 19, 2010, Notice of Violation (NOV) letter for the time period of 1998 through 2009. You responded to this NOV in a letter dated May 7, 2010. We have the following comments:

1. You stated that WTI did not dispute the accuracy of the percentages of time when there were exceedences of a short-term permit limit during the identified time period. You pointed out that the percentages included both exempt and non-exempt exceedences. We agree that the THC and opacity percentages may have included some exempt time, however, there were not any exempt $SO_2$ and NOx exceedences identified in the table attached to the NOV.

2. You pointed out that WTI has complied with the long term, or annual, emissions limitations for the years 2007 – 2009. We agree that WTI has complied with these annual emissions limitations, and our review of past records go back further to 2005.

3. You stated that WTI management has become more aware of the need to comply with the short-term emissions limitations after receiving the NOVs. Regarding the $SO_2$ and NOx exceedences, we acknowledge the downward trend over the past 3 quarters.

4. Regarding the THC exceedences, you stated that such exceedences are not in WTI's best interest because they trigger automatic waste feed cutoffs, thus stopping your most profitable asset. Therefore, WTI is constantly searching for ways to prevent them. We acknowledge these efforts.

**Summary:**

Please continue your efforts to reduce, and eventually eliminate, the exceedences of the short-term permit emissions limitations.

The issuance of this notice does not constitute a waiver of Ohio EPA's authority to seek civil penalties as provided in Section 3704.06 of the Ohio Revised Code. The determination to pursue or decline such penalties in this case will be made by the Ohio EPA at a later date. This notice does not excuse any violations of federal, state and local laws or regulations regarding air pollution control.

Should you have any questions, please contact me at (330) 963-1237 or at pam.korenewych@epa.state.oh.us.

Sincerely,

Pamela L. Korenewych
Environmental Specialist
Division of Air Pollution Control

PLK:bo

ec: Ed Fasko, DAPC, NEDO
Misty Koletich, DAPC, NEDO
Natalie Oryshkewych, DHWM, NEDO
Frank Popotnik, DHWM, NEDO
Michelle Tarka, DHWM, East Liverpool Field Office

pc: Tim Fischer, DAPC, NEDO
Tom Kalman, DAPC, CO
Todd Brown, DAPC, CO
Lisa Holscher, U.S. EPA
Vince Waggle, Heritage-WTI, Inc.