ATTACHMENT NO. 2

LR - APPENDIX K

UNITED STATES DISTICT COURT
NORTHERN DISTRICT OF OHIO

DEFAULT STANDARD FOR DISCOVERY OF
ELECTRONICALLY STORED INFORMATION ("E-DISCOVERY")

1. **Introduction.** The court expects the parties to cooperatively reach agreement on how to conduct e-discovery. In the event that such agreement has not been reached by the time of the Fed. R. Civ. P. 16 scheduling conference, the following default standards shall apply until such time, if ever, the parties reach agreement and conduct e-discovery on a consensual basis.

2. **Discovery conference.** Parties shall discuss the parameters of their anticipated e-discovery at the Fed. R. Civ. P. 26(f) conference, as well as at the Fed. R. Civ. P. 16 scheduling conference with the court, consistent with the concerns outlined below.

Prior to the Rule 26(f) conference, the parties shall exchange the following information:

a. A list of the most likely custodians of relevant electronically stored information ("identified custodians"), including a brief description of each person's title and responsibilities (see ¶ 7).

b. A list of each relevant electronic system that has been in place at all relevant times[1] and a general description of each system, including the nature, scope, character, organization, and formats employed in each system. The parties should also include other pertinent information about their electronically stored information and whether that electronically stored information is of limited accessibility. Electronically stored information of limited accessibility may include those created or used by electronic media no longer in use, maintained in redundant electronic storage media, or for which retrieval involves substantial cost.

c. The name of the individual designated by a party as being most knowledgeable regarding that party's electronic document retention policies ("the retention coordinator"), as well as a general description of the party's electronic document

---

[1] For instance, in a patent case, the relevant times for a patent holder may not only be the time of the alleged infringement, but may also be the date the patent(s) issued or the effective filing date of each patent in suit.

1

        retention policies for the systems identified above (see ¶ 6).

    d.    The name of the individual who shall serve as that party's "e-discovery coordinator" (see ¶ 3).

    e.    Provide notice of any problems reasonably anticipated to arise in connection with e-discovery.

To the extent that the state of the pleadings does not permit a meaningful discussion of the above by the time of the Rule 26(f) conference, the parties shall either agree on a date by which this information will be mutually exchanged or submit the issue for resolution by the court at the Rule 16 scheduling conference.

    3.    **E-discovery coordinator.** In order to promote communication and cooperation between the parties, each party to a case shall designate a single individual through which all e-discovery requests and responses are coordinated ("the e-discovery coordinator"). Regardless of whether the e-discovery coordinator is an attorney (in-house or outside counsel), a third party consultant, or an employee of the party, he or she must be:

    a.    Familiar with the party's electronic systems and capabilities in order to explain these systems and answer relevant questions.

    b.    Knowledgeable about the technical aspects of e-discovery, including electronic document storage, organization, and format issues.

    c.    Prepared to participate in e-discovery dispute resolutions.

The Court notes that, at all times, the attorneys of record shall be responsible for responding to e-discovery requests. However, the e-discovery coordinators shall be responsible for organizing each party's e-discovery efforts to insure consistency and thoroughness and, generally, to facilitate the e-discovery process. The ultimate responsibility for complying with e-discovery requests rests on the parties. Fed. R. Civ. P. 37(f).

    4.    **Timing of e-discovery.** Discovery of relevant electronically stored information shall proceed in a sequenced fashion.

    a.    After receiving requests for document production, the parties shall search their documents, other than those identified as limited accessibility electronically stored information, and produce relevant responsive electronically stored information in accordance with Fed. R. Civ. P. 26(b)(2).

      b.      Electronic searches of documents identified as of limited accessibility shall not be conducted until the initial electronic document search has been completed. Requests for information expected to be found in limited accessibility documents must be narrowly focused with some basis in fact supporting the request.

      c.      On-site inspections of electronic media under Fed. R. Civ. P. 34(b) shall not be permitted absent exceptional circumstances, where good cause and specific need have been demonstrated.

    5.    **Search methodology.** If the parties intend to employ an electronic search to locate relevant electronically stored information, the parties shall disclose any restrictions as to scope and method which might affect their ability to conduct a complete electronic search of the electronically stored information. The parties shall reach agreement as to the method of searching, and the words, terms, and phrases to be searched with the assistance of the respective e-discovery coordinators, who are charged with familiarity with the parties' respective systems. The parties also shall reach agreement as to the timing and conditions of any additional searches which may become necessary in the normal course of discovery. To minimize the expense, the parties may consider limiting the scope of the electronic search (*e.g.*, time frames, fields, document types).

    6.    **Format.** If, during the course of the Rule 26(f) conference, the parties cannot agree to the format for document production, electronically stored information shall be produced to the requesting party as image files (*e.g.*, PDF or TIFF). When the image file is produced, the producing party must preserve the integrity of the electronic document's contents, *i.e.*, the original formatting of the document, its metadata and, where applicable, its revision history. After initial production in image file format is complete, a party must demonstrate particularized need for production of electronically stored information in their native format.

    7.    **Retention.** Within the first thirty (30) days of discovery, the parties should work toward an agreement (akin to the standard protective order) that outlines the steps each party shall take to segregate and preserve the integrity of all relevant electronically stored information. In order to avoid later accusations of spoliation, a Fed. R. Civ. P. 30(b)(6) deposition of each party's retention coordinator may be appropriate.

    The retention coordinators shall:

3

  a. Take steps to ensure that relevant e-mail of identified custodians shall not be permanently deleted in the ordinary course of business and that relevant electronically stored information maintained by the individual custodians shall not be altered.

  b. Provide notice as to the criteria used for spam and/or virus filtering of e-mail and attachments; e-mails and attachments filtered out by such systems shall be deemed non-responsive so long as the criteria underlying the filtering are reasonable.

Within seven (7) days of identifying the relevant document custodians, the retention coordinators shall implement the above procedures and each party's counsel shall file a statement of compliance as such with the court.

  8. **Privilege.** Electronically stored information that contains privileged information or attorney-work product shall be immediately returned if the documents appear on their face to have been inadvertently produced or if there is notice of the inadvertent production within thirty (30) days of such. In all other circumstances, Fed. R. Civ. P. 26(b)(5)(B) shall apply.

  9. **Costs.** Generally, the costs of discovery shall be borne by each party. However, the court will apportion the costs of electronic discovery upon a showing of good cause.